No. 03-778

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 156N

IN THE MATTER OF THE CUSTODY
AND THE PARENTAL RIGHTS OF
T.A., T.R. and A.I.,

      Youths in Need of Care.

APPEAL FROM:    District Court of the First Judicial District,
                    In and For the County of Lewis and Clark, Cause No. BDN 2003-01
                    Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jeremy Gersovitz, Assistant Public Defender, Helena, Montana
            (for Mother, D.M.A.)

            Jon Moog, Assistant Public Defender, Helena, Montana
            (for Father, D.A.)

      For Respondent:

            Honorable Mike McGrath, Attorney General; Tammy K. Plubell,
            Assistant Attorney General, Helena, Montana

            Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana

                      Submitted on Briefs:  May 25, 2004

                                Decided:  June 22, 2004

Filed:

               _____
                          Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list published in the Pacific Reporter and Montana Reports.

¶2 D.A. (Father) and D.M.A. (Mother) appeal from the order entered by the First Judicial District Court, Lewis and Clark County, terminating Father's parental rights to T.A. and Mother's parental rights to T.A., A.I. and T.R. We affirm.

¶3 The restated issue on appeal is whether the District Court erred in finding that Father's and Mother's conduct was unlikely to change within a reasonable time.

¶4 The District Court's findings of fact, conclusions of law, and termination order set forth two independent statutory bases for terminating parental rights in the present case. The court first found and concluded, pursuant to § 41-3-609(1)(f), MCA, that treatment plans provided to the parents in a previous case had not been successful and the parents' conduct and condition were unlikely to change within a reasonable time. The court also found and concluded that termination was appropriate pursuant to § 41-3-609(1)(d), MCA, because the parents had subjected the children to the aggravated circumstance of severe neglect set forth in § 41-3-423(2)(a), MCA.

¶5 Father and Mother challenge only the finding that their conduct was unlikely to change within a reasonable time. They do not challenge the findings and conclusions upon

which the District Court premised its independent basis for termination pursuant to §§ 41-3-609(1)(d) and 41-3-432(2)(a), MCA.

¶6     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. On the face of the briefs and the record before us on appeal, it is manifest that the appeal is without merit because the unchallenged independent grounds for termination provide a sufficient, stand-alone basis for termination. *See, e.g.*, *In re C.P.*, 2001 MT 187, ¶ 21, 306 Mont. 238, ¶ 21, 32 P.3d 754, ¶ 21.

¶7     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER